# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

FAIL-SAFE, LLC,

       Plaintiff,

v.                                                    Case No. 08-CV-310

A.O. SMITH CORP.,

       Defendant.

_____

## PROTECTIVE ORDER

      This matter comes before the court on the plaintiffs' Motion for a Protective Order. Plaintiff anticipates that the order will be required to protect the confidentiality of trade secrets within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and has filed its motion pursuant to Rule 26(c) and Civil L.R. 26.4. Defendant agrees in large part to the entry of this order, yet requests that an additional provision be added. However, the court informed the parties in its Order dated April 29, 2009, that, if the parties did not stipulate to a protective order, the court would enter its standard order.[1] As there was no stipulation, and as the provision defendant seeks to be added is not part of the court's standard order, the court will not include defendant's proposed provision.

      This Protective Order is limited to the following materials and topics and shall apply to the discovery and/or trial of this matter:

---

[1] The court's standard protective order is essentially the protective order found in L.R. 26.4 with slight amendments made to paragraph seven so as to more clearly underscore the fact that just because information falls within the parameters of the protective order does not mean that the parties may file documents containing such information under seal without seeking leave of the court.

(1) Testing data and test results;

(2) Test protocols and procedures;

(3) Product blueprints, schematics, and artwork;

(4) Documents revealing: customer lists, internal sales or financial information, and marketing or pricing strategy.

The court has considered plaintiff's motion and defendant's response, and – satisfied that the parties have fully addressed the issues that led to the court denying plaintiff's previous motion for a protective order – finds that good cause exists for protection of such materials and information, and that such protection will be in the interest of the parties and public, and the interest of justice.

Accordingly,

**IT IS HEREBY ORDERED** that the terms of this Protective Order shall control the use, dissemination and disposition of all testimony, documents provided, answers to interrogatories, and other discovery responses, or other information which is produced or disclosed and designated as confidential by a party during the discovery and/or trial of this matter (hereinafter referred to as "confidential information").

1. Designation of confidential information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." Material may be designated as "CONFIDENTIAL" only when the party producing it believes, in good faith, that it contains trade secrets or nonpublic technical, commercial,

financial, personal, or business information. The designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

In the event documents are produced for inspection at a party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential if designated as such when the deposition is taken.

3. Information or documents designated as confidential under this order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

   (I) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

   (ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

   (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents,

such person must agree to be bound by the terms of this rule.

    (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

5. Except as provided in paragraph 4, counsel for the parties shall keep all documents designated as confidential which are received under this rule secure within their exclusive possession and must place such documents in a secure area.

6. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7. Confidential information may be used or submitted to the court in connection with any filing or proceeding in this litigation pursuant to the procedures and restrictions set forth in Gen. L.R. 79.4 and Civ. L.R.

-5-

Case 2:08-cv-00310-JPS   Filed 07/28/09   Page 5 of 7   Document 71

26.4 of the United States District Court for the Eastern District of Wisconsin. If any party intends to introduce or file materials in this court which reveal or tend to reveal any information marked as confidential, the party seeking to introduce or file such materials must file a motion in accordance with Gen. L.R. 79.4 seeking leave of the court to introduce or file these materials under seal. In filing the motion, although the moving party must generally identify the documents contained in the sealed envelope, it shall not disclose the confidential information or the detail of the confidential information itself. The Clerk of the Court is directed to maintain under seal only those documents and transcripts filed in the court in this litigation which have been designated, in whole or in part, as confidential information. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the court. If the court grants the motion for leave to file under seal, the documents and materials so filed will remain under seal as provided above. If the court denies the motion for leave to file under seal, either party may request to be given an opportunity to further explain the need for filing under seal or modify the filing as appropriate.

8. The designation of confidentiality by a party may be challenged by the opponent or interested member of the public upon motion. The movant must accompany such a motion with the statement required by Civil

L.R. 37.1.  The party prevailing on any such motion must be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

9.  At the conclusion of the litigation, including all appeals therefrom, counsel in possession of documents and electronically stored information which contain or reflect confidential information shall destroy all copies of such documents and delete all electronic files containing confidential information, and shall upon request certify compliance with this requirement.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge