# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

FAIL-SAFE, LLC,

        Plaintiff,

v.                                                   Case No. 08-CV-310

A.O. SMITH CORPORATION,

        Defendant.

_____

## ORDER

Nearly three years ago, the plaintiff, Fail-Safe, LLC ("FS"), filed a complaint against the defendant A.O. Smith Corporation ("AOS"), alleging two claims, both of which arose under Wisconsin law: (1) a substantive claim of unjust enrichment and (2) a misappropriation of trade secrets claim. (Docket #1). In early January of last year, the defendant filed a motion for summary judgment, arguing that the court should: (1) dismiss the trade secret claim in its entirety; and (2) declare that any unjust enrichment that occurred "is limited to any misappropriation occurring no later than December of 2004." (Docket #121). On September 3, 2010, this court granted in part and denied in part the defendant's motion, dismissing in its entirety the trade secret misappropriation claim. (Docket #195). In late December of 2010, AOS filed a motion for a judgment on the pleadings with regard to the unjust enrichment claim, arguing that the final claim asserted by the plaintiff should be dismissed in its entirety because any enrichment that occurred was "not inequitable" under the law. (Docket #237). On January 14, 2011, the court granted the defendant's motion and

dismissed this matter in its entirety. (Docket #277). The plaintiff filed a notice of appeal on February 11, 2011 (Docket #293), and this matter is currently on appeal. However, there remains before the court two issues this order will resolve.[1] Specifically, pending before the court is a motion for attorneys' fees (Docket #280), and a motion to seal portions of the plaintiff's memorandum in opposition to the motion for attorneys' fees. (Docket #284).

AOS asks for attorneys' fees related to: (1) FS's damages claim, "beginning with FS's November 3, 2009 expert reports on damages"; and (2) the "litigation that occurred after the November 10, 2010 Court-assisted mediation." (Docket #280 at 1). Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 provides that an infringing attorney is liable for "expenses and fees that otherwise would not have [been] incurred." *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 120 (7th Cir. 1994). A court has discretion to impose Section 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice." *Jolly Group, Ltd. v. Medline Indus., Inc.,* 435 F.3d

---

[1] While a dismissal with prejudice may be a final and appealable judgment that divests the district court of jurisdiction over the merits of a dispute, it is well settled that "jurisdiction may continue as to certain collateral matters" such as attorneys' fees and costs. *Krull v. Celotex Corp.*, 827 F.2d 80, 82 (7th Cir. 1987); *see also Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Central Transp., Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991). The court notes that there is another dispute outstanding regarding the appropriate costs the plaintiff should be taxed, and this order will not discuss that issue.

717, 720 (7th Cir. 2006) (internal citations omitted). Alternatively, a court inherently has discretion to award attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). While Section 1927 and the court's inherent powers provide separate means by which the court can impose sanctions, ultimately "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986); *see also Claiborne v. Wisdom*, 414 F.3d 715, 724 (7th Cir. 2005) (noting that "the court retains inherent power to impose sanctions when the situation is grave enough to call for them and the misconduct has somehow slipped between the cracks of the statutes and rules covering the usual situations.").

AOS supports its motion for sanctions by citing to several instances of plaintiff's counsel's more egregious behavior over the past year in this matter. For example, the defendant notes the FS attorneys' repeated tendencies to selectively quote from case law and even crop sentences from case law presented to the court.[2] (Docket #280 at 6). Moreover, AOS contends that plaintiff's counsel acted inappropriately in what the defendant has deemed a "relentless pursuit of wholly unsupported theories and excessive damages without adjusting its demands to

---

[2] Indeed, the court, in its January 14, 2011 order, noted a particularly outrageous cropping of one quote by plaintiff's counsel. (Docket #277 at 20 n.21).

account for the operative law and facts or the court's decisions." *Id.* at 7. In support of AOS's contention that FS's damages claims resulted in the "unnecessary expenditure of attorneys fees," the defendant discusses in detail the attempts to reach a settlement that occurred from September of 2010 until the present. *Id.* at 10-13. Additionally, the defendant cites to FS's repeated attempts to, through the guise of "supplementing" the expert reports, introduce new theories to attempt to counter what AOS calls "gross legal and logical errors" contained in such reports. *Id.* at 8.

In perhaps a microcosm of the utter failure of the parties to communicate in any civil or professional manner during the course of this case, plaintiff's counsel once again escalates matters by responding to AOS's fifteen page motion with a nearly thirty page response. Indeed, much of the plaintiff's brief consists of potshots at this court's previous orders and petty snipes at opposing counsel that, at the end of the day, do very little to advance the interests of the client, interests that seemingly have long been forgotten with every billable hour that is needlessly added to each attorney's log. Equally troubling is that the defendant's motion for attorneys' fees has become yet another vehicle utilized by the attorneys on *both* sides of this endlessly protracted litigation to speak to each other – or, perhaps better phrased, vent to each other – through the court. Long forgotten is the fact that zealous advocacy requires, rather than prohibits, a willingness to accept the flaws in one's

respective legal position and to openly and honestly discuss one's position in a civil manner.

The court will not tread too deeply into the bevy of arguments the defendant raises for why the plaintiff and the plaintiff's attorneys should be sanctioned. While many of the points raised by AOS are valid,[3] the ultimate issue raised by any motion to sanction attorney conduct is whether the lawyers who have proceeded "recklessly" in multiplying the proceedings, as opposed to "innocent adversaries," should "foot the [innocent party's] bill." *In re TCI, Ltd.*, 769 F.2d 441, 450 (7th Cir. 1985); *see also Kapco Mfg. Co. Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (holding that the purpose of imposing sanctions is "to ensure that those who create unnecessary costs also bear them."). Here, the court finds that AOS is simply not an "innocent adversary." Much, if not all, of the conduct that the defendant complains of occurred in the wake of the court's summary judgment order in September of 2010. However, this case was ultimately dismissed based on the defendant's motion for a judgment on the pleadings, which sought dismissal of FS's claim for unjust enrichment in its entirety. (Docket #237). There was no reason the

---

[3] This court has not opined in an order on some of the alleged "reckless" conduct of the plaintiff's counsel, such as their demand for damages arising under the trade secret claim and, as such, the court voices no opinion on the plaintiff's attorneys' pursuit of such damages. However, the court is very troubled by the selective quotations in the plaintiff's briefs. In fact, FS's attorneys' attempts to take their proverbial feet out of their mouths with respect to the cropped quotes in their briefs are incredibly unavailing to the court. For example, the plaintiff's attorneys explain that they decided to use only half of a sentence in the *Confold Pacific* case for reasons of "brevity" (Pl.'s Resp. Br. at 15), the first time in this case where matters of judicial economy has become a major concern of the plaintiff. The attempts to justify such conduct is extremely troubling to the court, but the matter is on the public record and collateral procedures are readily available to discipline and deter such conduct.

motion raised by the defendant on December 23, 2010, could not have been made months, if not years, earlier, such as in AOS's original motion for summary judgment. (Docket #121). Indeed, given the legal landscape on the issue, had AOS raised the argument in January of 2010, this case would not have proceeded past September of 2010. The court simply cannot ignore AOS's misstep that prolonged this litigation, given that, but for that misstep, many of the expenses the defendant now asks that the plaintiff and its attorneys to provide for would not have been incurred. Ultimately, it is wholly within the court's discretion to impose sanctions, as Section 1927 is "permissive, not mandatory." *Corley v. Rosewood Care Ctr.*, 388 F.3d 990, 1014 (7th Cir. 2004). Even assuming FS's attorneys' conduct was "unreasonable and vexatious," the court is still not obliged to impose sanctions. *Id.* Given the court's conclusion that AOS's tactics contributed to its own expenses, the defendant should "bear at least part of the responsibility for the accompanying delay and cost." *Id.; see also* WILLIAM SHAKESPEARE, ROMEO AND JULIET, act 3, sc. 1 ("A plague o' both your houses!") As such, the court will deny the defendant's motion for attorneys fees.

There remains a motion to seal portions of the plaintiff's memorandum in opposition to AOS's motion for attorneys' fees. (Docket #284). The portion of the memorandum that FS wishes to seal does not implicate any sort of sensitive property interests that warrant sealing. *See Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000); *see also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

Moreover, the plaintiff's brief in support in its motion to seal is the quintessential example of a "perfunctory" brief lacking any warranted explanation why the materials in question need to be sealed. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). Thus, the motion will be denied.

Accordingly,

**IT IS ORDERED** that the defendant's motion for attorney fees (Docket #280) be and the same is hereby **DENIED**:

**IT IS FURTHER ORDERED** that the plaintiff's motion to seal (Docket #284) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge